**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02620-CMA-NYW

FRATERNAL ORDER OF POLICE LODGE 27,
MICHAEL JACKSON,
MICHAEL BRITTON,
SONYA LEYBA,
ROBERT PABLO,
BRET GAREGNANI, and
EDWARD KELLER,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendant.

## ~~PROPOSED~~ FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The Final Pretrial Conference in this matter is scheduled before United States Magistrate Judge Nina Y. Wang on December 17, 2019 at 2:00 p.m. in Courtroom A-502 of the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado. Appearing for the parties are:

| | |
|---|---|
| Reid J. Elkus | Ashley M. Kelliher |
| Lucas Lorenz | Jessica Allen |
| Kathryn Sheely | Denver City Attorney's Office |
| Elkus & Sisson, P.C. | Employment and Labor Law Section |
| 7100 E. Belleview Ave., Ste. 101 | 201 W. Colfax Ave., Dept. 1108 |
| Greenwood Village, CO 80111 | Denver, CO 80202 |
| (303) 567-7981 | (720) 913-3125 |
| relkus@elkusandsisson.com | ashley.kelliher@denvergov.org |
| llorenz@elkusandsisson.com | jessica.allen@denvergov.org |
| ksheely@elkusandsisson.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |

## 2. JURISDICTION

This action arises under the Constitution and laws of the United States and 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C. § 1988.

## 3. CLAIMS AND DEFENSES

**a.   Narrative Summary of Plaintiffs' Claim:**

The Plaintiffs have alleged that the Defendant violated their First Amendment Rights by denying the Plaintiffs their right to contribute their own personal funds to the "Elect our Sheriff" initiative. The Plaintiffs have asserted a claim under 42 U.S.C. §1983 alleging a violation under the First Amendment to the United States Constitution.

**b.   Narrative Summary of Defendant's Position:**

Defendant City and County of Denver ("the City") denies that it violated Plaintiffs' First Amendment rights by refusing to withhold money from Plaintiffs' paychecks to fund the Fraternal Order of Police's ("FOP") "Elect Our Sheriff" initiative. Plaintiffs have not suffered damages because of any action or inaction by the City. The decision to halt

the payroll deductions sought by the FOP was made without regard to the subject matter of the FOP's initiative.

In April of 2018, the FOP advised some of its members that it was seeking to have $150 withheld from members' paychecks as a special assessment to go toward funding the FOP's elected sheriff initiative. The money was to be withheld from members' paychecks in the amount of $50 per paycheck over three pay periods. The FOP instructed the City's payroll department to withhold an increased dues amount without explaining the increase was actually a special assessment and was for a limited period of time. The City made one payroll deduction in the amount of $50 from FOP members' paychecks and, shortly thereafter, began receiving complaints from employees stating they did not authorize the increased payroll deduction.

Jennifer Cockrum, the Director of Human Resources for the Department of Safety, instructed payroll not to make any additional deductions. She determined the additional money the FOP requested the City deduct was not regular dues but was, instead, a special assessment. She made this determination based upon the language in the FOP's letter to its members which described the increase as a "special assessment," as well as based upon her experience working in the human resources industry and specifically with other unions. She was also concerned that, based upon the more than 60 complaints the City received from employees who claimed they did not authorize the additional money be deducted, the City could be liable for over $120,000 in wages improperly withheld from employees' paychecks.

Ms. Cockrum made the decision to halt the payroll deductions without influence of other City officials. Ms. Cockrum's decision to halt the deductions was not based

3

upon the content or message of the FOP's initiative. She did not have a position on the elected sheriff initiative. The City did not prevent Plaintiffs from engaging in any speech or expression in favor of the FOP's initiative. Plaintiffs were free to contribute on their own, but they chose not to do so. Ms. Cockrum's decision not to make the second and third payroll deductions did not prevent Plaintiffs from associating with the FOP, as Plaintiffs continued to serve as board members and attend FOP meetings.

## 4. STIPULATIONS

a. Defendant City is a municipal corporation.

b. Fraternal Order of Police Lodge 27 is the collective bargaining agent for the Denver Sheriff Department.

c. Plaintiff Michael Jackson is the President of the Executive Board of Directors for the FOP. He has held that position since 2005, and he has served on the Board since 1998.

d. Plaintiff Michael Britton is the Vice President of the Executive Board of Directors for the FOP. He has held that position for five years, and he was the President of the Board of Directors between 1998 and 2005.

e. Plaintiff Robert Pablo is the Second Vice President of the Executive Board of Directors for the FOP, and he has held that position since 2015.

f. Plaintiff Sonya Leyba is the Secretary of the Executive Board of Directors for the FOP. She has held this position since 2017, and she previously held this position between 2014 and 2015.

g. Plaintiff Brett Garegnani is the Sergeant-At-Arms of the Executive Board of Directors for the FOP. He has held this position since 2016.

h.     The parties are in the process of reviewing additional factual stipulations that potentially may be agreed to in addition to stipulations regarding the authenticity and admissibility of exhibits at trial.

## 5.  PENDING MOTIONS

a.     Defendant's Motion for Summary Judgment [Doc. #73] was filed on October 24, 2019.  Plaintiff's Response was filed on November 19, 2019.  Defendant's Reply in support of Summary Judgment was filed on December 6, 2019.  There are no other motions pending.

## 6.  WITNESSES

**a.     Plaintiffs' non-expert witnesses:**

**(1)     Will call non-expert witnesses:**

1.     Michael Jackson is a Plaintiff in this action and will testify to the facts in support of his claim.

2.     Sonya Leyba is a Plaintiff in this action and will testify to the facts in support of her claim.

3.     Brett Garegnani is a Plaintiff in this action and will testify to the facts in support of his claim.

4.     Robert Pablo is a Plaintiff in this action and will testify to the facts in support of his claim.

5.     Michael Britton is a Plaintiff in this action and will testify to the facts in support of his claim.

**(2)     May call non-expert witnesses:**

1.     Jennifer Cockrum has been identified as a 30(b)(6) representative on behalf of the Defendant and will testify as to the Defendant's role in denying the dues check-off.

2. Jim McKeever has been identified as a 30(b)(6) representative on behalf of the Defendant and will testify as to the Defendant's role in denying the dues check-off.

3. Patrick Firman was the Sheriff at the Denver Sheriff Department and may testify as to his knowledge of the facts in this case and the role he had in denying the Plaintiffs the right to have their dues check-off.

4. Thomas Violette was a Denver Police Officer that was part of the Police Protection Association that had the PPA take a special assessment from its members for six months. The Defendant took these monies out of the employees' paycheck.

5. Edward Thomas was a former police officer with Denver. Mr. Thomas was a Denver City Council member when the PPA did a special assessment.

6. Elias Diggins was the Chief of the Denver Sheriff Department and was involved, in part, concerning Mr. Jackson's First Step Grievance.

7. David Broadwell has been identified as a 30(b)(6) representative on behalf of the Defendant

8. Beth Machann may testify as to her knowledge about the Defendant's decision concerning the at-issue dues check-off.

9. Bonnie Johnson may testify as to her knowledge about the Defendant's decision concerning the at-issue dues check-off.

10. Tillie Fong was a news reporter that reported on the 2008/2009 arresting authority which was an effort that FOP Lodge 27 sought to amend the City Charter.

11. Bryan O'Neal was a Denver Police Officer that was part of the Police Protection Association that had the PPA take a special assessment from its members for six months. The Defendant took these monies out of the employees' paycheck.

**(3)** Plaintiffs ~~do~~/do not anticipate presenting any testimony of fact witnesses by deposition transcript.

**b.      Defendant's non-expert witnesses:**

**(1)      Will call non-expert witnesses:**

1. Jennifer Cockrum is the former Human Resources Director for the Department of Safety who decided the payroll deductions would not be made. She will testify about the reasons for her decision. Ms. Cockrum will testify in person.

2. Jim McKeever is a Senior Systems Analyst in the Payroll Department. He will testify about the payroll deductions requested by the FOP, including correspondence between him and members of the FOP regarding the same. Mr. McKeever will testify in person.

3. Patrick Firman is the former Sheriff of the DSD. He will testify that he did not make the decision to halt the payroll deductions, as he is not a decisionmaker for Department of Safety human resources or payroll matters. He will also testify regarding his response to the FOP's second step grievance. Mr.

Firman will testify in person.

4. Jodi Blair is a Major in the DSD. She will testify that she did not receive notice from the FOP that additional money would be deducted from her pay to go toward the FOP's elected sheriff initiative. She will also testify that she complained to the Department of Safety's Human Resources Department that she did not authorize the payroll deductions. Major Blair will testify in person.

**(3)** **May call non-expert witnesses:**

1. Troy Riggs is the Director of Safety. He is the final policymaker for the Department of Safety, which includes the DSD. He may testify that he did not make the decision to halt the payroll deductions. If Director Riggs testifies, it will be in person.

2. Wayne Jochem is a Sergeant with the DSD. He may testify on his knowledge of the FOP's failure to notify members of the special assessment it imposed to fund the "Elect Our Sheriff" initiative and his complaints about the same. If Sergeant Jochem testifies, it will be in person.

3. Bonnie Johnson is a former Financial Director in the Controller's Office, Citywide Payroll Division. She may testify regarding the payroll deductions sought by the FOP. If Ms. Johnson testifies, it will be in person.

4. Beth Machann is the City's Controller. She may regarding the deduction payroll made for the FOP's special assessment in May 2018. If Ms. Machann testifies, it will be in person.

5. Melissa Lopez is a Senior Human Resources Business Partner in the Department of Safety. She may testify regarding complaints from Sheriff

Department employees regarding additional money withheld from their paychecks without their knowledge and/or permission. If Ms. Lopez testifies, it will be in person.

6. David Broadwell worked for the City in and around 2009 when the FOP undertook an initiative to gain arrest powers for Denver Sheriff deputies. He may testify regarding his knowledge of the City's position regarding the same. If Mr. Broadwell testifies, it will be in person.

7. Elias Diggins is a Division Chief with the DSD. He may testify regarding his response to the FOP's first step grievance. If Division Chief Diggins testifies, it will be in person.

8. Nick Rogers is a Detective with the DPD and is the President of the Denver Police Protective Association ("PPA"). He may testify regarding the collective bargaining agreements negotiated between the City and the PPA.

9. Bryan O'Neill is a Sergeant with the DSD and is a member of the PPA. He may testify regarding the PPA's initiative in and around 1998/1999 to amend the residence requirement for Denver police officers. If Sergeant O'Neill testifies, it will be in person.

10. Jennifer Cardenas is a Lead Payroll Associate in the Payroll Department. She may testify regarding communications concerning the additional payroll deductions requested by the FOP in May 2018. If Ms. Cardenas testifies, it will be in person.

11. Laura Wachter is a Financial Executive in the Department of Safety. She may testify regarding a meeting she attended on May 15, 2019

wherein Jennifer Cockrum mentioned the payroll deductions requested by the FOP. If Ms. Wachter testifies, it will be in person.

The following witnesses will testify regarding their objections and complaints to additional money being withheld from their paychecks at the FOP's request. The City expects each witness will testify for approximately ten minutes. The number of witnesses is necessary for the jury to determine the weight of the evidence. If these witnesses testify, it will be in person.

12. DSD Captain Bryan Moore

13. DSD Deputy Sheriff Leticia Rodriguez

14. DSD Deputy Sheriff Ashley Zarnow

15. DSD Sergeant Jeremy Heinrichs

16. DSD Deputy Sheriff Jayne Alexander

17. DSD Deputy Sheriff James Boyd

18. DSD Deputy Sheriff Kyle Sadlowski

19. DSD Deputy Sheriff Juan Alvarez

20. Any witness(es) necessary to authenticate documents, including business records.

**(3)** Defendant does not anticipate presenting any testimony of fact witnesses by deposition transcript.

**c.** **Plaintiffs' expert testimony:**

**(1)** **Will call expert witnesses:**

1. None

**(2)** **May call expert witnesses:**

10

        1.     Sean McCauley

**(3)** Plaintiffs do not anticipate presenting any testimony of expert witnesses by deposition transcript.

**d.** **Defendant's expert testimony:**

    **(1)** **Will call expert witnesses:**

        1.     None

    **(2)** **May call expert witnesses:**

        1.     Brent Case may testify to the opinions listed in his report and disclosed by the City pursuant to F.R.C.P. 26(a)(2), including that the $150 over three months the FOP requested the City deduct from the wages of certain FOP members to be paid over to the FOP to fund a political campaign are not dues as that term is generally understood in the labor field, and that such proposed deductions did not fall within the scope of the dues checkoff cause in the 2018-2019 collective bargaining agreement between the City and the FOP.

**(3)** Defendant does not anticipate presenting any testimony of expert witnesses by deposition transcript.

## 7. EXHIBITS

**a.** (1) Plaintiffs' exhibits: *See* attached Exhibit List 1.

(2) Defendant's exhibits: *See* attached Exhibit List 2.

**b.** Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8.  DISCOVERY

Discovery has been completed.

### 9.  SPECIAL ISSUES

None.

### 10.  SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a. Counsel for the parties explored the potential for settlement of the case in late July 2019.  At the time, Plaintiffs' counsel indicated his clients did "not have an appetite for settlement." The parties have not revisited settlement discussions.

b. The parties have not participated in a formal settlement conference.

c. The parties have promptly been informed of all offers of settlement.

d. Counsel for the parties do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is little possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel for the parties acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, the Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the Court or by order of Court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to a jury.

2. The parties anticipate trial will take five days.

3. This matter is set for trial to jury ~~beginning on _____~~, in the Alfred A. Arraj United States Courthouse A841 / Courtroom A801 <u>to be set by the Honorable Christine M. Arguello</u>.

DATED this 17th day of December, 2019.

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge



APPROVED:


s/ *Reid J. Elkus*        s/ *Ashley M. Kelliher*___
Reid J. Elkus           Ashley M. Kelliher
Lucas Lorenz           Jessica Allen
Kathryn Sheely          Ashley M. Kelliher
Elkus & Sisson, P.C.        Denver City Attorney's Office
7100 E. Belleview Ave., Ste. 101    Employment and Labor Law Section
Greenwood Village, CO 80111     201 W. Colfax Ave., Dept. 1108
(303) 567-7981           Denver, CO 80202
relkus@elkusandsisson.com      (720) 913-3125
llorenz@elkusandsisson.com      ashley.kelliher@denvergov.org
ksheely@elkusandsisson.com     jessica.allen@denvergov.org
*Attorneys for Plaintiffs*         *Attorneys for Defendant*