IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02620-CMA-NYW

FRATERNAL ORDER OF POLICE LODGE 27,
MICHAEL JACKSON,
MICHAEL BRITTON,
SONYA LEYBA,
ROBERT PABLO, and
BRET GAREGNANI,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant City and County of Denver's Motion for Summary Judgment. (Doc. # 73.) Plaintiffs filed a Response (Doc. # 76) on November 11, 2019, and Defendant filed a Reply (Doc. # 80) on December 6, 2019. For the following reasons, Defendant's Motion is granted.

### I.     BACKGROUND

Fraternal Order of Police Lodge 27 ("the Lodge") is a union that represents deputies of the Denver Sherriff Department. The individual Plaintiffs are members of the Lodge. This case involves the Lodge's decision to introduce a paycheck deduction in order to support its "Elect our Sheriff Campaign" ("the Initiative"), which advocated for

sheriffs to be elected as opposed to appointed by the mayor. The individual Plaintiffs assert that Defendant decided not to implement the paycheck deductions because Defendant disagreed with the Initiative. The following facts are undisputed.

In May 2018, the Lodge informed Defendant's payroll department that it was increasing dues by $50 per month. (Doc. # 73-3 at 3–5.) Payroll made one deduction from the paychecks of Lodge members, but it did not make any others. Former Department of Safety Human Resources Director Jennifer Cockrum was the person who decided not to make additional deductions. (Doc. # 73-3 at 21) (Cockrum Deposition). Ms. Cockrum maintains that she decided to stop the payroll deductions based on various logistic concerns. For example, Ms. Cockrum believed that the deductions may not have been properly authorized because numerous employees submitted complaints indicating that they did not consent to the deductions being taken from their paychecks. (Doc. # 73-4 at 26–32.)[1]

On June 26, 2018, Plaintiff Jackson filed a grievance with the Denver Sheriff Department alleging that Defendant's decision not to make further payroll deductions violated its contractual obligations set forth in a collective bargaining agreement ("CBA"). (Doc. # 76-8 at 8.) In accordance with the grievance procedures established by the CBA, then-Sheriff Patrick Firman responded to the grievance's assertions that Defendant violated the CBA. (Doc. # 80-1 at 6–8) (Firman Affidavit). However, Sheriff Firman was not involved in the decision to withhold the payroll deductions, and he did

---

[1] Ironically, Ms. Cockrum indicates that one of the reasons that she stopped the payroll deductions was to avoid a lawsuit. (Doc. # 73-3 at 20.)

not supervise Ms. Cockrum. (*Id.* at 5–6.) Pursuant to the Denver City Charter ("the Charter"), Sheriff Firman had policymaking authority over jail operations, but he had no role in payroll deductions from employee paychecks. (*Id.* at 5.)

Moreover, according to the Charter, Executive Director of Safety Troy Riggs, Ms. Cockrum's supervisor, is the person who has policymaking authority over the Department of Safety—the entity responsible for ceasing the payroll deductions. (Doc. # 73-4 at 21) (Riggs Affidavit). Director Riggs did not advise Ms. Cockrum with respect to the payroll deductions, nor did he make a recommendation as to how the matter should be resolved. (*Id.* at 2.)

## II. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbot Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 118 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court may not resolve issues of credibility, and must view the evidence in the light most favorable to the nonmoving party—including all reasonable inferences from that evidence. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

3

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claims; rather, the movant need simply point the court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant meets its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy this burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmoving party." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.* Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III. DISCUSSION

Defendant argues that Plaintiffs' § 1983 municipal liability claim—the only claim remaining in this case—fails because it is undisputed that Defendant did not maintain a policy that caused Plaintiffs' alleged injury. The Court agrees.

4

1.  Municipal Liability Legal Standard

Municipalities can be liable under 42 U.S.C. § 1983 only for their own unlawful acts. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Therefore, to prove a § 1983 claim against a municipality, "a plaintiff must show the existence of a municipal policy or custom which directly caused the alleged injury." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Relevant here, a policy or custom includes "decisions of municipal employees with final policymaking authority [and] ratification by final policymakers of the decisions of subordinates to whom authority was delegated . . . ." *Id.* (citing *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 (10th Cir. 2010)).

In such instances, the Supreme Court has instructed that "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor **concerning the action alleged to have caused the particular constitutional or statutory violation at issue**.'" *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785 (1997) (emphasis added) (quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989)); *see, e.g.*, *Doe v. Woodard*, No. 15-cv-01165-KLM, 2016 WL 11658659, at *16 (D. Colo. Sept. 30, 2016) (dismissing municipal liability claim because the governmental entity being sued was not responsible for the policy which allegedly caused the constitutional violation), *aff'd*, 912 F.3d 1278 (10th Cir. 2019). In other words, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible . . . for making policy in *that area* of the city's business. *City of St. Louis v. Praprotnik*, 485 U.S. 112,

123 (1988) (citation omitted). This analysis is dependent on state law. *McMillian*, 520 U.S. at 786.

With respect to ratification of decisions made by lower ranking employees, the Supreme Court has explained:

> [W]hen a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the **authorized policymakers approve a subordinate's decision and the basis for it**, their ratification would be chargeable to the municipality because their decision is final.
>
> * * *
>
> Simply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy. It is equally consistent with a presumption that the subordinates are faithfully attempting to comply with the policies that are supposed to guide them. It would be a different matter if a particular decision by a subordinate was cast in the form of a policy statement and expressly approved by the **supervising policymaker**.

*Praprotnik*, 485 U.S. at 127, 130 (emphasis added).

2. <u>Analysis</u>

In the instant case, the action that allegedly caused Plaintiffs' injury was Ms. Cockrum's decision to stop the payroll deductions. Pursuant to the Charter, the official who has "final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional . . . violation," *McMillian*, 520 U.S. at 785 (citation omitted), is Troy Riggs—Ms. Cockrum's supervisor and the Executive Director of Safety. However, it is undisputed that Mr. Riggs did not ratify Ms. Cockrum's decision to terminate the payroll deductions. (Doc. # 73-4 at 21) (Riggs Affidavit).

6

Plaintiffs assert that Sheriff Firman ratified Ms. Cockrum's decision, rendering that decision a municipal policy. (Doc. # 76 at 19.) However, that argument fails for two reasons. First, Sheriff Firman was not Ms. Cockrum's supervisor. (Doc. # 80-1 at 5–6) (Firman Affidavit); *see Praprotnik*, 485 U.S. at 127 (ratification theory requires a plaintiff to show that an authorized policymaker affirmed a decision made by the policymaker's subordinate). Second, the Charter limited Sheriff Firman's policymaking abilities to matters involving jail operations—not payroll deductions from employee paychecks. (Doc. # 80-1 at 5); *Praprotnik*, 485 U.S. at 123 (the "challenged action must have been taken pursuant to a policy adopted by the official or officials responsible . . . for making policy in *that area* of the city's business."). Thus, Sheriff Firman could not have ratified Ms. Cockrum's decision.

As a result, there is no genuine dispute of material fact regarding whether Defendant maintained a policy of withholding paycheck deductions. Therefore, Plaintiffs cannot sustain a municipal liability claim pursuant to § 1983.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS that Defendant's Motion for Summary Judgment (Doc. # 73) is GRANTED.[2] It is

FURTHER ORDERED that Defendant's Unopposed Motion to Change Trial Date (Doc. # 86) is DENIED AS MOOT.

---

[2] The Court notes that in its Motion, Defendant requests for the Court to award attorney fees. (Doc. # 73 at 20.) The Court directs Defendant to D.C.COLO.LCivR 54.3, which sets forth the applicable procedure for making such a request.

7

The Clerk of the Court respectfully is directed to enter judgment in favor of Defendant and against Plaintiffs.

DATED: January 27, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge