IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02620-CMA-NYW

FRATERNAL ORDER OF POLICE LODGE 27,
MICHAEL JACKSON,
MICHAEL BRITTON,
SONYA LEYBA,
ROBERT PABLO,
BRET GAREGNANI, and
EDWARD KELLER,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

    Defendant.

___

**ORDER**
___

This matter is before the Court on Plaintiff's Motion to Review Clerk's Tax on Bill of Costs (Doc. # 97). The Motion is denied for the following reasons.

**I.     BACKGROUND**

Plaintiffs are members of the Fraternal Order of Police Lodge 27, a local chapter of a nationwide police union. (Doc. # 1, ¶¶ 11-12). In 2018, Plaintiffs sued the City and County of Denver, alleging that the City had violated the First Amendment by refusing to withhold union dues from members' paychecks. (Doc. # 1, ¶ 110). The Court ultimately granted summary judgment in Defendant's favor. (Doc. # 87).

1

After the judgment entered, Defendant filed a bill of costs seeking certain litigation expenses from Plaintiffs. (Doc. # 89). Specifically, Defendant requested payment of deposition expenses for thirteen depositions taken during the course of the litigation. (Doc. # 89). After a hearing on the matter, the Clerk of Court awarded Defendant all of the requested costs, totaling $5,354.97.

Plaintiffs now challenge the Clerk's cost award. They contend that the award was too large because it included costs for three deposition transcripts that "were not used by the Defense to dispose of this case on Summary Judgement."[1] (Doc. # 97, p. 3; Doc. # 100, p. 1). Plaintiffs seek to reduce the cost award by $708.17.

## II.     LEGAL STANDARD

The prevailing party in a lawsuit is generally entitled to an award of litigation costs. F.R.C.P. 54(d). "Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "The burden is on the non-prevailing party to overcome this presumption." *Id.* Awardable costs include, as relevant here, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Though the prevailing party's cost request must be reasonable, denying costs to a prevailing party is a "severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Kelin v. Grynberg*, 44 F. 3d 1497, 1507 (10th Cir. 1995).

---

[1] Plaintiffs initially argued that a fourth deposition transcript should also be excluded from the cost award. (Doc. # 97). Plaintiffs later admitted, however, that the fourth transcript was, in fact, used in the Motion for Summary Judgment. (Doc. # 100, p. 1). Plaintiffs have apparently abandoned their challenge to cost award related to the fourth transcript. (Doc. # 100, p. 1).

### III.  ANALYSIS

Plaintiffs argue that the deposition transcripts of three witnesses – Brent Case, Jodi Blair, and Melissa Lopez – were not "necessarily obtained for use in this case" because they "were not relied upon or used in the Defendant's Motion for Summary Judgement." (Doc. # 97, pp. 2-3). Therefore, Plaintiffs argue, Defendants cannot recover the cost of those three transcripts. *See* 20 U.S.C. § 1920(2). The Court disagrees.

Nothing in the Rule 54 or in § 1920 requires courts to deny a prevailing party's cost request simply because the depositions in question "were not relied upon or used in the Defendant's Motion for Summary Judgment." (Doc. # 97, pp. 2-3). To the contrary: courts do not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which otherwise appeared necessary at the time it was taken for proper preparation of the case." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir.1998). Thus, the fact that Defendant did not expressly cite these three transcripts in its summary judgment motion does not, in itself, make the transcript costs unrecoverable.

Plaintiff argues, however, that "[a]t the time the deposition transcripts were ordered, there was no justification for their request except for discovery." (Doc. # 100, p. 4). Again, the Court disagrees.

Plaintiff is correct that costs for materials used "solely for discovery" are generally not recoverable. To be recoverable, a prevailing party's transcription and copy costs

3

must be "reasonably necessary to the litigation of the case," and Materials produced "solely for discovery" generally do not meet this threshold. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). However, transcript costs may be awardable even if they are not "strictly essential" to the court's resolution of the case. *Id.* Counsel are expected to "prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial," and the cost of doing so is generally recoverable. *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir.1998). Courts do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. *Id.* Courts focus instead "on the particular facts and circumstances at the time the expense was incurred." *Id.*; *see also Allison v. Bank One–Denver*, 289 F.3d 1223, 1249 (10th Cir.2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved").

Defendant has demonstrated that the deposition transcripts in question appeared to be reasonably necessary at the time they were purchased. According to Defendant, the deposition transcripts were used, not just for discovery purposes, but to plan and prepare evidentiary motions, witness lists, and trial strategy. (Doc. # 99, p. 5). The Final Pretrial Order (Doc. # 83) supports Defendant's position. Furthermore, these three depositions were noticed by Plaintiffs' counsel, suggesting that Plaintiffs believed that these witnesses possessed important information about the lawsuit. (Doc. # 100, p. 2). Thus, though Defendant did not ultimately use the transcripts in its dispositive motion,

Defendant has shown that these transcripts "appeared to be reasonably necessary" at the time they were ordered. The costs of those transcripts is therefore awardable, and the Clerk correctly awarded those costs to Defendant.

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Review Clerk's Tax on Bill of Costs (Doc. # 97) is DENIED. The Clerk's cost award (Doc. # 96) is AFFIRMED and ADOPTED as an order of this Court. Costs in the amount of $5,354.97 are assessed against Plaintiffs and in favor of Defendant.

DATED: March 24, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

5